IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MCHENRY COUNTY and KANKAKEE COUNTY, bodies politic and corporate, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. |
| v. | ) ) |
| KWAME RAOUL, in his official capacity as Illinois Attorney General, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF**

McHenry County, a body politic and corporate, and Kankakee County, a body politic and corporate, by their attorneys, Patrick Kenneally, McHenry County State's Attorney, and his duly appointed assistants, George M. Hoffman and Jana Blake Dickson, for their Complaint for Declaratory Judgment and Injunctive Relief, allege as follows:

**PARTIES**

1. Plaintiff McHenry County is a body politic and corporate, existing under the constitution and laws of the State of Illinois.

2. Plaintiff Kankakee County is a body politic and corporate, existing under the constitution and laws of the State of Illinois.

3. Defendant Kwame Raoul is the duly elected Attorney General of the State of Illinois.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201, in that the Complaint asserts claims arising under the constitutions and laws of the United States.

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims based on violations of the Illinois constitution, because those claims are "so related to claims in the action within [this Court's] original jurisdiction that [they] form part of the same case or controversy." 28 U.S.C. § 1367(a).

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391, because the Defendant is located within this district and because a substantial part of the events giving rise to the claims alleged in the Complaint occurred in this district.

## FACTS

7. The Federal government regulates immigration under the Constitution and various statutes. It enforces immigration laws through various agencies, including the Departments of Justice and Homeland Security. U.S. Immigration and Customs Enforcement ("ICE") is an agency within the Department of Homeland Security. The Federal government has the authority to detain individuals in anticipation of, or as a consequence of, Federal immigration proceedings.

8. The United States Attorney General is authorized to provide for "the housing, care, and security of persons held in custody of a United States marshal pursuant to Federal law under agreements with State or local units of government

or contracts with private entities." 18 U.S.C § 4013(a)(3). Pursuant to 28 U.S.C. § 530C(a)(4), the U.S. Attorney General has "reasonable discretion" to carry out the activities of the Department of Justice "through any means," including "through contracts, grants, or cooperative agreements with non-Federal parties." 28 U.S.C § 530C(b)(7) authorizes the U.S. Attorney General to release funds to the Department of Justice "Detention Trustee," now merged with the USMS, to "exercise all power and functions authorized by law relating to the detention of Federal prisoners in non-federal institutions or otherwise in the custody of the United States Marshals Service."

9. The USMS does not own or operate detention facilities but, instead, engages with state and local governments through intergovernmental agreements to house prisoners, in addition to housing prisoners in Federal Bureau of Prisons facilities and private detention facilities.

10. Because prosecutors and defense attorneys require routine access to prisoners and pretrial detainees, the USMS attempts to house prisoners close to the judicial district in which they are being prosecuted.

11. Pursuant to 8 U.S.C. § 1231(g)(1), Congress directed that "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." Congress has further instructed that ICE "shall consider the availability for purchase or lease of any existing prison, jail, detention center, or other comparable facility suitable for [detention]." *Id.* § 1231(g)(2).

3

12. On or about August 1, 2003, McHenry County entered into an Intergovernmental Cooperative Agreement with the United States Marshals Service and the Immigration and Naturalization Service to house Federal detainees, including immigration detainees, at the McHenry County Jail, in exchange for the payment of a per diem for each such detainee housed (the "McHenry County Agreement"). The McHenry County Agreement was subsequently modified, and McHenry County entered into its current Detention Services Intergovernmental Agreement on or about May 8, 2014. A true and correct copy of the McHenry County Agreement is attached hereto as Exhibit A.

13. Under the McHenry County Agreement, Federal detainees "include individuals charged with Federal offenses and detained while awaiting trial, individuals who have been sentenced and are awaiting designation and transport to a Bureau of Prisons ("BOP") facility, and individuals who are awaiting a hearing on their immigration status or deportation." Agreement at 3.

14. For the fiscal years 2016-2020, the McHenry County Jail housed, on average, 240 ICE detainees per day. This has resulted, for these five fiscal years, in more than $41 million of revenue for McHenry County, over $8 million each year. In addition, the McHenry County Jail will have to eliminate full-time corrections officer positions if the agreement is terminated. All of the foregoing will have a detrimental financial impact on McHenry County.

15. On or about December 1, 2004, Kankakee County entered into an Intergovernmental Service Agreement with the United States Marshals Service to

house federal prisoners at the Jerome Combs Detention Center, in exchange for the payment of a per diem for each such detainee housed (the "Kankakee County Agreement"). In October 2016, Kankakee County began housing ICE detainees in addition to other federal detainees. The Kankakee County Agreement has been renewed from time to time, most recently on March 1, 2019. A true and correct copy of the March 1, 2019 Kankakee County Agreement is attached hereto as Exhibit B.

16. For the fiscal years 2017 through 2020, the Kankakee Detention Center housed, on average, 122 ICE detainees per day. This has resulted, for these four fiscal years, in nearly $16 million of revenue for Kankakee County, nearly $4 million per year. In addition, the Kankakee Detention Center will have to lay off corrections officers and medical and clerical staff if the agreement is terminated. All of the foregoing will have a detrimental financial impact on Kankakee County.

17. On August 2, 2021, Governor Pritzker signed into law the Illinois Way Forward Act. The Act amended the Illinois Trust Act, in relevant part, by adding the following provisions:

> (1) No law enforcement agency, law enforcement official, or any unit of state or local government may enter into or renew any contract, intergovernmental service agreement, or any other agreement to house or detain individuals for federal civil immigration violations.
>
> (2) Any law enforcement agency, law enforcement official, or unit of state or local government with an existing contract, intergovernmental agreement, or other agreement, whether in whole or in part, that is utilized to house or detain individuals for civil immigration violations shall exercise the termination provision in the agreement as applied to housing or detaining individuals for civil immigration violations no later than January 1, 2022.

5

Illinois Way Forward Act (S.B. 667) § 15(G)(1), (2) (to be codified as 805 ILCS 5/15(g)(1), (2)).

18. Requiring McHenry County and Kankakee County to terminate their respective agreements to house Federal immigration detainees will have a detrimental effect on the revenues of these counties.

19. The Illinois Way Forward Act further provides as follows:

> Upon his or her own information or upon the complaint of any person, the Attorney General may maintain an action for declaratory, injunctive or any other equitable relief in the circuit curt against any law enforcement agency, law enforcement official, or other person or entity who violates any provision of this Act. These remedies are in addition to, and not in substitution for, other available remedies.

Illinois Way Forward Act (S.B. 667) § 30(B) (to be codified as 805 ILCS 5/30(b)).

## Count I

### Impairment of Contract in Violation of the United States and Illinois Constitutions

20. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 19 as if fully set forth in this paragraph.

21. The United State Constitution provides as follows:

> No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex-post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

U.S. Const., art I, § 10, Cl 1.

22. The Illinois Constitution provides that "[no] *ex post facto* law, or law impairing the obligation of contracts or making an irrevocable grant of special

privileges or immunities shall be passed." Ill. Const. art. I, § 16.

23. The provisions of the Illinois Way Forward Act, quoted above, which require the counties to terminate their contracts with the USMS, do not merely impair those contracts, they destroy them entirely.

WHEREFORE, Plaintiffs request this Court to declare that sections 15(G)(1), (2), and 30(B) of the Illinois Way Forward Act unconstitutional and to preliminarily and permanently enjoin the Attorney General from enforcing those provisions.

## Count II

## Violation of Intergovernmental Immunity

18. Plaintiffs repeat and re-allege paragraphs 1 through 19 as if fully set forth in this paragraph.

19. Plaintiffs, as contractors for the United States, enjoy and are clothed in the Federal Government's intergovernmental immunity.

20. The Supremacy Clause of the United States Constitution provides as follows:

> This Constitution and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const., art.VI, Cl 2.

21. By prohibiting intergovernmental agreements with local governments, the Illinois Way Forward Act substantially interferes with the Federal government's operations. It also substantially interferes with ICE's ability to carry

7

out its detention responsibilities for the Federal government.

22. The Federal government has not authorized the State of Illinois to regulate the Federal government's activities with respect to housing immigration detainees.

23. The Illinois Way Forward Act directly regulates federal operations by restricting the United States' ability to enter into agreements with local governments to house immigration detainees.

24. The Illinois Way Forward Act therefore violates the Federal government's intergovernmental immunity and is unconstitutional and invalid as applied to the Plaintiffs' agreements.

WHEREFORE, Plaintiffs request this Court to declare that sections 15(G)(1), (2), and 30(B) of the Illinois Way Forward Act unconstitutional and to preliminarily and permanently enjoin the Attorney General from enforcing those provisions.

## Count III

## Federal Preemption of Inconsistent State Law

25. Plaintiffs repeat and reallege paragraphs 1 through 21 as if fully set forth in this paragraph.

26. The United States has occupied the field of contracting for housing Federal immigration detainees, leaving no room for concurrent state regulation.

27. By requiring the Plaintiffs to terminate their agreements with the USMS, the Illinois Way Forward Act also substantially obstructs the Federal government's housing of Federal immigration detainees and stands as an obstacle

8

to the accomplishment and execution of the full purposes and objectives of Congress.

28. The Illinois Way Forward Act therefore violates the Supremacy Clause because it is preempted by Federal law.

29. WHEREFORE, Plaintiffs request this Court to declare sections 15(G)(1), (2), and 30(B) of the Illinois Way Forward Act unconstitutional and to preliminarily and permanently enjoin the Attorney General from enforcing those provisions.

McHenry County, Illinois

By: /s/Patrick D. Kenneally
One of its attorneys

Kankakee County, Illinois

By: /s/ Patrick D. Kenneally
One of its attorneys

Patrick D. Kenneally (ARDC No. 6286573)
McHenry County State's Attorney
George M. Hoffman (ARDC No. 6180738)
Jana Blake Dickson (ARDC No. 6305741)
Assistant State's Attorneys and
Special Assistant State's Attorneys for Kankakee County
McHenry County Government Center
2200 North Seminary Avenue
Woodstock, Illinois 60098
815-334-4159 (phone)
815-334-0872 (fax)
gmhoffman@mchenrycountyil.gov
jeblake@mchenrycountyil.gov