**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| MCHENRY COUNTY and KANKAKEE COUNTY, bodies politic and corporate, | |
| Plaintiffs, | Case No. 21-cv-50342 |
| v. | Judge Phillip G. Reinhard |
| KWAME RAOUL, in his official capacity as Illinois Attorney General, | Magistrate Judge Lisa A. Jensen |
| Defendant. | |

**MOTION FOR LEAVE TO FILE MEMORANDUM OF**
**LAW OF AMICUS CURIAE IMMIGRATION REFORM**
**LAW INSTITUTE IN SUPPORT OF PLAINTIFFS'**
<u>**MOTION FOR A PRELIMINARY INJUNCTION**</u>

Gina M. D'Andrea
Immigration Reform Law Institute
25 Massachusetts Ave NW, Suite 335
Washington, DC 20001
T: 202.232.5590
F: 202.464.3590
gdandrea@irli.org

*Attorney for amicus curiae*
*Immigration Reform Law Institute*

The Immigration Reform Law Institute ("IRLI") respectfully asks this Court for leave to file an *amicus curiae* brief in support of Plaintiffs motion for preliminary injunction. IRLI's brief is appended to this motion.

IRLI is a nonprofit 501(c)(3) public interest law firm dedicated to litigating immigration related cases in the interests of United States citizens and assisting courts in understanding federal immigration law. IRLI has litigated or filed *amicus curiae* briefs in a wide variety of cases. For more than twenty years, IRLI has prepared amicus briefs at the request of the Board of Immigration Appeals.

It is understood that "[p]ermitting an *amicus curiae* brief is discretionary." *Chamberlain Grp., Inc. v. Interlogix, Inc.*, No. 01 c 6157, 2004 U.S. Dist. LEXIS 9851, at *3 (N.D. Ill. 2004). An amicus brief should be permitted where it will "assist the judge . . . by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices et al. v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir. 2003). Additionally, "[a]n amicus brief should normally be allowed . . . when the amicus has an interest in some other case that may be affected by the decision in the present case . . . or when the amicus has unique information or perspective that can help the court[.]" *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997). Here, IRLI submits this *amicus curiae* brief to provide "unique information or perspective that can help the court" and to expand on the arguments presented by Plaintiffs regarding obstacle preemption of state immigration laws. Furthermore, as a public interest law firm dedicated to litigating immigration-related cases, IRLI "has an interest" in cases such as this.

Both Plaintiffs and Defendants have stated that they do not oppose IRLI's filing of an *amicus curiae* brief.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant Plaintiffs' motion for preliminary injunction.

Dated: October 12, 2021

　　　　　　　　　　　　　　/s/ Gina M/ D'Andrea
　　　　　　　　　　　　　　Gina M. D'Andrea

　　　　　　　　　　　　　　Gina M. D'Andrea
　　　　　　　　　　　　　　Immigration Reform Law Institute
　　　　　　　　　　　　　　25 Massachusetts Ave NW, Suite 335
　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　T: (202) 232-5590
　　　　　　　　　　　　　　F: (202) 464-3590
　　　　　　　　　　　　　　gdandrea@irli.org

　　　　　　　　　　　　　　*Attorney for amicus curiae*
　　　　　　　　　　　　　　*Immigration Reform Law Institute*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a copy of the foregoing Motion for Leave to File Memorandum of Law of *Amicus Curiae* Immigration Reform Law Institute in Support of Plaintiffs' Motion for a Preliminary Injunction was served on the parties via CM/ECF.


/s/ Gina M. D'Andrea