**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| MCHENRY COUNTY and KANKAKEE COUNTY, bodies politic and corporate, | ) ) ) | |
| | ) | Case No. 21-cv-50341 |
| *Plaintiffs,* | ) ) | |
| | ) | Judge Phillip G. Reinhard |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| KWAME RAOUL, in his official capacity as Illinois Attorney General, | ) ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## DECLARATION OF RUBEN LOYO

I, Ruben Loyo, hereby declare:

1.      I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2.      I am a Senior Litigation Attorney and the Associate Director of the Detention Project at the National Immigrant Justice Center (NIJC), a program of Heartland Alliance. In this role, I supervise a team of ten attorneys providing legal representation to detained individuals in civil immigration proceedings.

3.      In the last year, NIJC's detention team provided legal representation to over 100 detained individuals in their immigration proceedings, and provided education to hundreds more. In cases where we undertake representation, we represent individuals in all aspects of their proceedings including their custody cases, immigration removal cases, and sometimes on appeal or in habeas petitions.

4.      Although we are based in Chicago, NIJC represents individuals detained primarily in four states—Illinois, Wisconsin, Indiana, and Kentucky. On occasion we also represent

1

Illinois residents who are detained and facing removal proceedings in more remote immigration courts, including the Kansas City Immigration Court. Given the geographic scope of our project, much of our legal services work is remote, and we rely on attorney-client phone conferences to represent individuals. If necessary for their cases, we travel to the facility to meet with our clients.

5.      If contracts with ICE are terminated by McHenry and Kankakee Counties, we plan to work with organizations in the Illinois area to advocate for an individualized case review process like the one recently conducted when the Pulaski County detention facility in Illinois closed due to termination of its contract with ICE.  For an individualized case review process, NIJC would work with those we currently represent in these two counties to compile evidence in support of individual written "requests for release" to submit to ICE in the case review process.

6.      If ICE decides to transfer any of the individuals currently detained in McHenry and Pulaski counties rather than release, we intend to continue our direct representation of those individuals regardless of the location of their transfer. If we cannot continue representation, NIJC will work with that individual to ensure that they can secure new counsel.

7.      In addition to direct representation, NIJC is prepared to work alongside other service providers and organizations to advocate in other ways on behalf of individuals currently detained in these facilities. NIJC has experience supporting detained individuals at the time of contract termination with ICE particularly in light of our recent work supporting individuals in immigration custody in Pulaski County in Ullin, Illinois when the county terminated its contract with ICE.

8.      On August 12, 2021, NIJC learned that all people in ICE custody (approximately 50 people) would be moved out of the Pulaski County Detention Center as soon as August 18.

In response, NIJC worked very quickly on a very short timeline to ensure support for all individuals detained by ICE at the Pulaski Detention Center.

9.     First, NIJC immediately began reaching out to clients and other known individuals detained in the facility to prepare evidence packets to support their requests for release from ICE detention. NIJC also contacted the private attorneys representing others in the facility to encourage the same.

10.     Between August 17 and 24, NIJC—alongside the Resurrection Project, Interfaith Community for Detained Immigrants (ICDI), Southern Illinois Immigrant Rights Project (SIRRP), and other advocates—worked to prepare "release requests" on behalf of every known detained individual in the Pulaski facility for ICE to consider.  The requests included evidence of positive equities in each individual's case including letters of support from employers, family members, and faith leaders.

11.     In addition to this direct representation, NIJC immediately collaborated with partners to engage with ICE's headquarters in Washington D.C. to urge the agency to release people from the Pulaski facility rather than transfer. The coalition urged ICE headquarters to develop a concrete action plan to ensure a fair, effective, and just process for termination of the contract. Through its advocacy and engagement with ICE the coalition: 1) secured from the agency a commitment to implementing a streamlined process for submitting requests for release from every detained individual; 2) advocated for safe release plans for anyone the agency determined to release; 3) secured an extension on the deadline to submit the release requests, and, 4) engaged with the agency on numerous other issues that arose in the contract termination process.

12. On September 3, 2021, NIJC and other attorneys began receiving notification of decisions from ICE on the release requests. In total as of today 15 of the people who were detained in the Pulaski Detention Center have been released by ICE. Of the remaining, NIJC believes that seven were deported and the rest remain detained by ICE at other facilities, eight of whom are NIJC clients.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing declaration is true and correct to the best of my knowledge, information, and belief.

___10/18/2021_____                                    _____s/ Ruben Loyo_____
       Date                                                          Ruben Loyo