IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MCHENRY COUNTY and KANKAKEE COUNTY, bodies politic and corporate, <br><br> Plaintiffs, <br><br> v. <br><br> KWAME RAOUL, in his official capacity as Illinois Attorney General, <br><br> Defendant. | Case No. 21 CV 50341 <br><br> Judge Phillip G. Reinhard <br><br> Magistrate Judge Lisa A. Jensen |

**PLAINTIFFS' RESPONSE TO THE ATTORNEY GENERAL'S MOTION TO STRIKE REFERENCES TO SECTION 30(b) OF THE ILLINOIS WAY FORWARD ACT IN THE COMPLAINT**

Defendant's motion to strike (Doc # 22) borders on frivolous and should be denied. On September 15, 2021, plaintiffs filed their Amended Complaint challenging the constitutionality of section 15(g) on the basis of intergovernmental immunity and preemption (Doc # 7).

The scope of the plaintiffs' Amended Complaint is clearly limited to section 15(g) and does not challenge any other provisions of the Illinois Way Forward Act or the Illinois Trust Act. Therefore, any references to 30(b) are limited in scope to its application to section 15(g). Defendant recognizes this. *See, e.g.,* The Attorney General's Memorandum in Support of His Motion to Dismiss at 3-4 & n.2 (Doc # 24).

Rule 12(f) allows the court to strike from any pleading an insufficient defense, or any redundant, immaterial, impertinent or scandalous matter. Plaintiffs' reference to section 30(b) is not redundant, immaterial, impertinent, or scandalous.

In moving to strike matters as irrelevant, a defendant must clearly show that the matter is outside the issues in the case and is prejudicial. *Cumis Ins. Soc'y Inc. v. Peters*, 983 F. Supp. 787,

798 (N.D. Ill. 1997). Section 30(b) allows the Attorney General to investigate violations of and enforce section 15(g), the source of plaintiffs' Supremacy Clause challenge against the statute. As such, the references to section 30(b) in the Amended Complaint are not outside the scope of the issues in the case.

The content of pleadings is governed by Rule 8, Fed. R. Civ. P. Accordingly. "a viable pleading need only include a 'short and plain statement of the claim showing that the pleader is entitled to relief,' and district courts are to construe pleadings in the plaintiff's favor affording the complaint a fair and reasonable construction 'so as to do substantial justice.'" *Boim v. American Muslims for Palestine*, 9 F.4th 545, 556 (7th Cir. 2021), citing *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("One objective of Rule 8 is to decide cases fairly on their merits, not to debate finer points of pleading where opponents have fair notice of the claim or defense").

Defendant tries to present plaintiffs' inclusion of 30(b) in its prayers for relief as prejudicial, claiming it is "confusing." Motion to Strike ¶ 10 at 3 (Doc # 22). However, the defendant clearly understands that plaintiffs' reference to section 30(b), which provides for the Attorney General to investigate violations and enforce the provisions of the Illinois Way Forward Act, refers to the plaintiffs' request to enjoin enforcement of section 15(g).

"A prayer for relief is governed by Rule 8(a)(3), which requires that a plaintiff must make 'a demand for judgment for the relief [it] seeks.' The demand for judgment, however, is not considered part of the plaintiff's claim for relief and the failure to request specific relief will not bar that relief if it is supported by allegations in the body of the complaint." *Mehringer v. Village of Bloomingdale*, 2003 U.S. Dist. LEXIS 11040 at *26 (N.D. Ill.), citing Wright & Miller,

*Federal Practice and Procedure: Civil 2d* § 1255 (1990). The Amended Complaint makes it clear that plaintiffs are seeking to enjoin section 30(b) only as it pertains to section 15(g).

Defendant's motion to strike implies that the plaintiffs have included a request to enjoin 30(b) as a backdoor avenue to halt enforcement of the entire Illinois Way Forward Act. The Amended Complaint is clear that the plaintiffs are only challenging section 15(g) and requests that any investigation or enforcement pursuant to section 30(b) for an alleged violation of section 15(g) be enjoined. The defendant ignores the allegations of the Amended Complaint if it thinks plaintiffs are asking the court to enter an order enjoining enforcement of the entire Illinois Way Forward Act, when the subject matter of the Amended Complaint is clearly section 15(g).

## Conclusion

For all the reasons contained herein, plaintiffs request this Court to deny defendant's Motion to Strike References to Section 30(b) of the Illinois way Forward Act in the [sic] Complaint.

    McHenry County, Illinois and
    Kankakee County, Illinois


    By: /s/ George M. Hoffman
        One of their attorneys

Patrick D. Kenneally (ARDC No. 6286573)
McHenry County State's Attorney
George M. Hoffman (ARDC No. 6180738)
Jana Blake Dickson (ARDC No. 6305741)
Assistant State's Attorneys
McHenry County Government Center
2200 North Seminary Avenue
Woodstock, Illinois 60098
815-334-4159 (phone)
815-334-0872 (fax)
gmhoffman@mchenrycountyil.gov
jeblake@mchenrycountyil.gov

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of **Plaintiffs' Response to Motion to Dismiss** was served on

Christopher G. Wells
Kathryn Hunt Muse
Alex Hemmer
Eileen Boyle Perich
Office of the Illinois Attorney General
100 W. Randolph St.
Chicago, IL 60601

by electronic filing via the ECF system, before the hour of 4:00 p.m., on October 29, 2021.

/s/ George M. Hoffman