IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MCHENRY COUNTY and KANKAKEE COUNTY, bodies politic and corporate, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 21 CV 50341 ) ) Judge Phillip G. Reinhard |
| KWAME RAOUL, in his official capacity as Illinois Attorney General, | ) ) Magistrate Judge Lisa A. Jensen ) |
| Defendant. | ) |

**PLAINTIFFS' MOTION FOR INJUNCTION OR STAY PENDING APPEAL**

Plaintiffs McHenry County and Kankakee County, by their attorneys, Patrick D. Kenneally, McHenry County State's Attorney, and his duly appointed assistants, George M. Hoffman and Jana Blake Dickson, pursuant to Rule 62(c), Fed. R. Civ. Pro., hereby move this Court for an injunction or stay pending appeal, enjoining or delaying enforcement of Sections 15(g)(1) & (2) of the recently-enacted Illinois Way Forward Act that not only prohibit Illinois units of local government, such as plaintiffs, from entering into or renewing contracts with the United States to house federal immigration detainees while awaiting deportation or decisions in their immigration proceedings, but also require plaintiffs to terminate their long-standing contracts to provide such services.

1. On September 1, 2021, plaintiffs filed their Complaint for Declaratory Judgment and Injunctive Relief (Dkt # 1). On September 15, plaintiffs filed their Amended Complaint for Declaratory Judgment and Injunctive Relief (Dkt # 7). On September 30, plaintiffs filed their Motion for a Preliminary Injunction and Request for Expedited Briefing Schedule (Dkt #9), along with a supporting memorandum of law (Dkt # 10). The defendant, on October 18, 2021,

filed a Motion to Dismiss (Dkt # 23), supporting memorandum of law (Dkt # 24), and his Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt # 25). Also on October 18, the defendant filed a Motion to Strike References to Section 30(b) of the Illinois Way Forward Act in the Complaint (Dkt # 22). Responses and replies were duly filed (Dkt ## 31, 33, 34, 37).

2. On November 17, the Court entered an order directing the parties to file supplemental memoranda addressing two issues specified in the order (Dkt # 38). Plaintiffs and defendant filed their supplemental memoranda on November 22 (Dkt ## 39, 40), and the Court took the matter under advisement.

3. On December 6, 2021, the Court issued its decision. The Court granted the defendant's Motion to Dismiss the Amended Complaint and denied the Motion for Preliminary Injunction as moot (Dkt # 41)[1]. The Court entered a final judgment the same day (Dkt # 42).

4. While plaintiffs respect this Court's decision, they have filed a Notice of Appeal. (Dkt # 43). As the Court is aware, the Illinois Way Forward Act requires the plaintiffs to give notice that they are invoking the termination provisions of their contracts with the federal government no later than January 1, 2022. 5 ILCS 805/15(g)(2). It is inconceivable that the appellate court will have an opportunity to review this Court's decision before January 1, 2022.

5. Rule 62(c), Fed. R. Civ. Pro., provides, in relevant part, that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. . . ."

5. Pursuant to Rule 8(a)(1)(C), Fed. R. App. Pro., a party must first move in the district court for "an order suspending, modifying, restoring, or granting an injunction while an

---

[1] In its December 6, 2021 Order, the Court also denied the defendant's Motion to Strike as moot (Dkt # 41).

2

appeal is pending."

6.  While the traditional requirements for a preliminary injunction apply, they are somewhat modified when seeking an injunction pending appeal. "Stays, like preliminary injunctions, are necessary to mitigate the damage that can be done during the interim period before a legal issue is finally resolved on its merits. The goal is to minimize the costs of error." *A&F Enterprises, Inc. II v. IHOP Franchising LLC*, 742 F.3d 763, 766 (7th Cir. 2014).

7.  "To determine whether to grant a stay we consider the moving party's likelihood of success on the merits, the irreparable harm that will result to each side if the stay is either granted or denied in error, and whether the public interest favors one side or the other. [citations] As with a motion for a preliminary injunction, a 'sliding scale' approach applies; the greater the moving party's likelihood of success on the merits, the less heavily the balance of harms must weigh in its favor and vice versa." *Id.*

8.  As to likelihood of success on the merits, plaintiffs will not repeat the arguments made previously. Rather, we refer the Court to Plaintiffs' Memorandum of Law in Support of Motion for a Preliminary Injunction at 4-10 (Dkt # 10), and Plaintiffs' Reply Memorandum in Support of Motion for a Preliminary Injunction at 1-9 (Dkt # 31). However, "the success on the merits factor cannot be rigidly applied. If it were so applied, a stay would seldom, if ever, be granted because the district court would have to conclude that it was probably incorrect in its determination of the merits." *Himebaugh v. Smith*, 476 F.Supp. 502, 510 (C.D. Cal. 1978).

9.  In its decision, this Court focused on *Murphy v. NCAA*, ___ U.S. ___, 138 S.Ct. 1461 (2018), to hold that section 15(g) of the Illinois Way Forward Act is not preempted. Order at 5-6 (Dkt # 41). Specifically, this Court relied on the language in *Murphy* that "every form of preemption is based on a federal law that regulates the conduct of private actors, not the States."

3

*Id.* at 5, quoting *Murphy*, 138 S.Ct. at 1481. Order at 5 (Dkt # 41) ("Plaintiffs are political subdivisions of the State of Illinois. They are not private actors. Section 1103(a)(11)(B) only deals with public entities—states and their political subdivisions. It confers no rights and imposes no restrictions on any private actors. Therefore, section 1103(a)(11)(B) does not preempt the Act") (footnote omitted).

10. In their Supplemental Memorandum (Dkt # 39), plaintiffs cited and discussed *Lawrence County v. Lead-Deadwood School Dist.*, 469 U.S. 256 (1985), a decision that involved *no* private actors and in which the Supreme Court held that a state statute that sought to restrict the plaintiff county's use of federal funds was preempted. See Plaintiff's Supplemental Memorandum at 4-6 (Dkt # 39). The Court in *Murphy* did not cite, much less attempt to distinguish, *Lawrence County*. Similarly, this Court did not mention *Lawrence County* in its order. *Lawrence County* is directly on point, because it dealt with the precise issue presented here: whether a state statute that imposed restrictions on a unit of local government was preempted by a federal law that conferred rights solely on a county, where no private actors were involved.

11. At the very least, the decision in *Lawrence County* conflicts with the Supreme Court's broad statement in *Murphy* that all preemption cases involve the situation where "Congress enacts a law that imposes restrictions or confers rights on private actors." *Murphy*, 138 S.Ct. at 1480. See *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions").

12. Plaintiffs submit that, at the very least, whether section 15(g) is preempted does

4

not have a clear-cut answer. "'Prior recourse to the initial decisionmaker would hardly be required as a general matter if it could properly grant interim relief only on a prediction that it has rendered an erroneous decision. What is fairly contemplated is that tribunals may properly stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained.'" *Himebaugh*, 476 F. Supp. at 510, quoting *Washington Metropolitan Area, etc. v. Holiday Tours*, 559 F.2d 841, 844 (D.C. Cir. 1977).

13. Turning to the irreparable injury factor, the plaintiffs demonstrated that they have no recourse to money damages, because they cannot sue the State. Plaintiffs' Memorandum of Law in Support of Motion for a Preliminary Injunction at 11-12 (Dkt # 10); Plaintiffs' Reply Memorandum in Support of Motion for a Preliminary Injunction at 10-12 (Dkt # 31). Since the Court dismissed the case for failure to state a claim, it did not reach this question, and the plaintiffs refer the Court to the arguments made in their previous memoranda.

14. "Because the legal issue does not have a clear-cut answer, we rest our decision on whether to grant the stay primarily on the balance of potential harms." *A&F Enterprises*, 742 F.3d at 768. While the State undoubtedly has an interest in having its laws enforced, section 15(g) applies only to the plaintiffs, since they are the only two Illinois counties that have contracts to house federal immigration detainees.[2] In *Cavel, Int'l, Inc. v. Madigan*, 500 F.3d 544 (7th Cir. 2007), the court granted a stay delaying the effective date of a statute that affected only one entity in the state. "[A]t issue is a *stay*, based on a showing in a particular case that the harm to the challenger from denial of a stay would greatly exceed the harm to the state from its grant,

---

[2] A third county, Pulaski, chose to end its contract to house immigration detainees shortly after the Illinois Way Forward Act was signed into law by Governor Pritzker. Plaintiffs' Reply Memorandum in Support of Motion for a Preliminary Injunction at 13 (Dkt # 31).

5

that would delay the application of the statute to the challenger for a few months . . ..*" Id.* at 546 (emphasis in original).

15. The Illinois Way Forward Act was not signed into law until August, 2021, giving plaintiffs little time to mount their challenge in the district court, much less prosecute an appeal to the Seventh Circuit. Moreover, plaintiffs have been housing federal immigration detainees for many years, in McHenry County since 2003, and in Kankakee County since 2016 (Dkt # 10 at 2), without State objection or interference. A short delay, while the appellate court considers the issue, will have minimal effect on the State, but, if denied, will profoundly affect plaintiffs. As demonstrated in plaintiffs' previous memoranda, it is unlikely, if section 15(g) is found to be unconstitutional, that the federal government, having made arrangements with facilities outside Illinois to house the detainees held in plaintiffs' jails, will want to again contract with plaintiffs for detention services. This is especially so if the federal government has to enter into contracts with new facilities for such services.

WHEREFORE, plaintiffs McHenry County and Kankakee County request this Court to enter an injunction or stay, until plaintiffs' appeal has been decided by the Seventh Circuit, enjoining or delaying enforcement of section 15(g) of the Illinois Way Forward Act that requires plaintiffs to give notice to the United States government terminating their agreements to house federal immigration detainees and for such other and further relief as this Court deems just under the circumstances.

McHenry County, Illinois and<br>
Kankakee County, Illinois<br><br>

By: /s/ George M. Hoffman<br>
One of their attorneys

6

Patrick D. Kenneally (ARDC No. 6286573)
McHenry County State's Attorney
George M. Hoffman (ARDC No. 6180738)
Jana Blake Dickson (ARDC No. 6305741)
Assistant State's Attorneys
McHenry County Government Center
2200 North Seminary Avenue
Woodstock, Illinois 60098
815-334-4159 (phone)
815-334-0872 (fax)
gmhoffman@mchenrycountyil.gov
jeblake@mchenrycountyil.gov

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of **Plaintiffs' Motion for Injunction or Stay Pending Appeal** was served on

Christopher G. Wells
Kathryn Hunt Muse
Alex Hemmer
Eileen Boyle Perich
Office of the Illinois Attorney General
100 W. Randolph St.
Chicago, IL 60601

by electronic filing via the ECF system, before the hour of 4:00 p.m., on December 16, 2021.

/s/ George M. Hoffman