# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

January 12, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-3334

| | |
|---|---|
| MCHENRY COUNTY and KANKAKEE COUNTY, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *Plaintiffs-Appellants*, | |
| v. | No. 21 C 50341 |
| KWAME RAOUL, | Philip G. Reinhard, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

The Illinois Way Forward Act, 5 ILCS 805/15, prohibits any unit of state or local government in Illinois from entering into or renewing an agreement with the United States to house federal immigration detainees. The Act also requires any unit of government with an existing agreement to exercise its 30-day termination provision no later than January 1, 2022. McHenry County and Kankakee County filed suit in federal court seeking to enjoin enforcement of the Act as applied to their existing agreements with the federal government. The district court denied an injunction, and the counties appealed, asking for an emergency injunction pending appeal. On December 30, 2021, we stayed enforcement of the Illinois law against plaintiffs until noon on January 13, 2022, and ordered expedited briefing on the question of the stay. We appreciate the parties' expedited efforts.

No. 21-3334 Page 2

  We now DENY any further stay pending appeal, and we will allow the current stay to expire at noon on January 13, 2022. We conclude that the counties have not made a "strong showing" that they are likely to succeed on the merits. *Nken v. Holder*, 556 U.S. 418, 434 (2009). They have not demonstrated a likelihood that the district court erred in holding that the Illinois Act is not preempted by federal law because the Act does not attempt to prevent or govern existing contracts between the federal government and private entities. Likewise, the Act does not appear to violate principles of intergovernmental immunity because the Act only directly regulates state political subdivisions, and to the extent it restricts contracts with the federal government, it only appears to restrict a subset of federal contracts—those contracts governing federal immigration detainees. We also conclude that the counties have not shown that they are threatened with imminent irreparable harm or that the balance of harms or the public interest favors an injunction pending appeal. *See Nken*, 556 U.S. at 434. The counties have not shown that they will lose substantial revenue absent an injunction or that this loss of revenue is permanent. Illinois's public interest in enforcing its statute weighs against an injunction pending appeal.

  So ordered.